_____ FILED  _____ ENTERED
_____ LOGGED  _____ RECEIVED

MAR 2 2 2018

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. DKC-18-044 |
| v. | * | |
| MALIK MCCAFFITY, | * | |
| Defendant | * | |

...o0o...

## CONSENT ORDER OF FORFEITURE

WHEREAS, the defendant, Malik McCaffity, pled guilty pursuant to a written plea agreement to Count Two and Count Three of the Indictment, charging him Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), and Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c), respectively.

WHEREAS, pursuant to his plea agreement and as a consequence of the defendant's plea of guilty to Counts Two and Three, the defendant agreed to forfeit to the United States the following property (the "Subject Property"):

   a. One Daewoo model DP51 9mm Luger semi-automatic pistol with obliterated serial number;

   b. One 9mm Luger Magazine;

   c. Five FC 9mm hollow point cartridges;

   d. One WCC 9mm full metal jacket cartridge;

   e. One Smith and Wesson model M&P Bodyguard .380 semi-automatic pistol with obliterated serial number;

   f. One .380 magazine;

1

      g. Three CCI .380 full metal jacket cartridges; and

      h. Two Hornaday .380 jacketed soft point cartridges.

WHEREAS, the defendant agreed that entry of this order shall be made a part of the sentence in or out of the presence of the defendant and be included in the judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     Pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2.     Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the United States is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets or otherwise used to satisfy the money judgment.

3.     Upon entry of this Order, the United States shall publish notice of the order and its intent to dispose of the Subject Property on the Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. *See* Fed. R. Crim. P. 32.2(c). The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. *See* Fed. R. Crim. P. 32.2(b)(6). No such notice or ancillary proceeding is necessary, however, to

the extent that this Order consists solely of a judgment for a sum of money. Fed. R. Crim. P. 32.2(c)(1).

4. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within 30 days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of the alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

5. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

6. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed R. Crim. P. 32.2(c)(2).

Date: _March 22, 2018_  

_/s/ Deborah K. Chasanow_
The Honorable Deborah K. Chasanow
United States District Judge

WE ASK FOR THIS:

_/s/ Mark V. Gurzo_
Mark V. Gurzo
Special Assistant United States Attorney

_/s/ Malik McCaffity_
Malik McCaffity
Defendant

_/s/ Katherine Tang Newberger_
Katherine Tang Newberger, Esq.
Attorney for the Defendant