## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| **THE UNITED STATES OF AMERICA** | | **Crim. No.  DKC-18-0044** |
| | * | |
| **v.** | | **Civil No.** |
| | * | |
| **MALIK MCCAFFITY** | * | |

* * * * *

### MOTION FOR APPOINTMENT OF COUNSEL IN 28 U.S.C. § 2255 PROCEEDING

Petitioner, Malik McCaffity, through undersigned counsel, James Wyda, Federal Public Defender, and Paresh S. Patel, Assistant Federal Public Defender, hereby moves this Court to appoint the Federal Public Defender in the above-captioned matter so that counsel may represent Mr. McCaffity in his pending motion to vacate under 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

On March 22, 2018, Mr. McCaffity pled guilty to one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count Three).[1]  Specifically, the count alleged that the underlying "crime of violence" for the § 924(c) charge was a Hobbs Act robbery.  However, post-*Johnson/Dimaya*, Hobbs Act robbery categorically fails to qualify as a "crime of violence."  Therefore, Mr. McCaffity is now innocent of the § 924(c) offense, and his conviction is void.

---

[1]      Mr. McCaffity was also convicted of a Hobbs Act robbery offense in violation of 18 U.S.C. § 1951(a) (Count Two).

The relevant portion of § 924(c) defining a "crime of violence" has two clauses.  The first clause – § 924(c)(3)(A) – is commonly referred to as the force clause.  The other – § 924(c)(3)(B) – is commonly referred to as the residual clause.[2]  The § 924(c) residual clause is materially indistinguishable from the Armed Career Criminal Act (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as void for vagueness.  Even more, the § 924(c) residual clause is identical to the 18 U.S.C. § 16(b) residual clause that the Supreme Court struck in *Dimaya* as void for vagueness.  It follows that the § 924(c) residual clause is likewise unconstitutionally vague.  Hence, a Hobbs Act robbery offense cannot qualify as a "crime of violence" under the § 924(c) residual clause.  Likewise, a Hobbs Act robbery offense categorically fails to qualify as a "crime of violence" under the remaining § 924(c) force clause.  Therefore, the "crime of violence" element of § 924(c) cannot be satisfied here, and a conviction cannot be constitutionally sustained under the statute.

As a result, Mr. McCaffity's § 924(c) conviction 1) violates due process, 2) violates the laws of the United States and results in a fundamental miscarriage of justice, and 3) was entered in excess of this Court's jurisdiction.  Therefore, he is entitled to relief under 28 U.S.C. § 2255(a).

---

[2]     Under § 924(c)(3), "crime of violence" is defined as follows:

> (3)     For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –
>
>> (A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another [known as the force clause], or
>>
>> (B)     that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [known as the residual clause.]

Additionally, Mr. McCaffity's trial counsel was ineffective in violation of his Sixth Amendment rights in failing to make a void for vagueness challenge to his § 924(c) charge. By the time of Mr. McCaffity's sentencing on June 25, 2018, lawyers all around the country were making void for vagueness challenges, which have proven to be successful. Indeed, the Fourth Circuit as well as four other circuits have held that the § 924(c) residual clause is unconstitutionally void. *See United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc); United *States v. Davis*, 903 F.3d 483, 495-86 (5th Cir. 2018) (per curiam), *cert. granted*, __ U.S.__, __ S. Ct. __, 2019 WL 98544 (U.S. Jan. 4, 2019) (No. 18-431); *United States v. Eshetu,* 898 F.3d 36, 37 (D.C. Cir. 2018) (per curiam); *United States v. Salas,* 889 F.3d 681, 684, 684-86 (10th Cir. 2018); *United States v. Cardena,* 842 F.3d 959, 996 (7th Cir. 2016). Thus, counsel's performance fell far below an objective standard of reasonableness in light of prevailing professional norms. And Mr. McCaffity was obviously prejudiced by the error because he was punished with a consecutive 84-month sentence based on conduct that does not constitute an offense under § 924(c).

WHEREFORE, Mr. McCaffity respectfully requests that this Court grant his motion to appoint the Federal Public Defender so that undersigned counsel may represent him in this matter.

Respectfully submitted,

JAMES WYDA
Federal Public Defender


_____/s/_____
PARESH S. PATEL
Assistant Federal Public Defender
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland
(301) 344-0600

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of March 2019, a copy of the foregoing motion was delivered via electronic filing to David I. Salem, Esq. Assistant United States Attorney, Office of the United States Attorney, Baltimore, Maryland, 21201.

_____/s/_____
PARESH S. PATEL
Assistant Federal Public Defender